HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

CHRISTOPHER J. GARDNER
BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
150 M St. NE, 8th Floor
Washington, D.C. 20002
Telephone: (202) 812-2631
E-mail: Christopher.Gardner@usdoj.gov
E-mail: Brittany.Bennett@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah, <br><br> Defendant. | **COMPLAINT** <br><br> Case No. 2:26-cv-166 |

**INTRODUCTION**

1.      Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2.      Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3.      If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4.      In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production

2

is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703).  The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## I.      JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a).

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and this District is where the Attorney General made her demand for federal election records under Section 303 of the CRA and is where the federal election records are located, as provided by 52 U.S.C. § 20705.

## II.      PARTIES

7.      Plaintiff is the Attorney General of the United States. The Attorney General has the exclusive authority to enforce the CRA, *see* 52 U.S.C. § 20703, and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111. The Attorney General also has the authority to enforce the provisions of the National Voter Registration Act ("NVRA").

8.      Defendant Deidre M. Henderson is the Lieutenant Governor of the State of Utah and serves as the State's chief election officer. She is responsible for enforcing compliance by State election officers for all legal requirements relating to elections including the National Voter Registration Act of 1993, ("NVRA") the Help America Vote Act of 2002 ("HAVA") as well as

other federal and state laws regarding elections. Utah Code Ann. § 20A-1-105. Defendant is sued in her official capacity only.

### III.   BACKGROUND

9.      This proceeding arises from the Attorney General's investigation into Utah's compliance with federal election law, particularly the NVRA and HAVA.

10.     Section 301 of Title III of the CRA, the NVRA, and HAVA require States and other election officers to maintain and preserve certain records and papers relating to registration to voting or other acts requisite to voting in federal elections.

### A.      The National Voter Registration Act

11.     The NVRA requires each state to "designate a state officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant Henderson is the chief election official of the State of Utah.

12.     The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

13.     The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### B.      The Help America Vote Act

14.     HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and

registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15.    HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a driver's license number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid drivers' license, and for those who have neither a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

### C.    The Civil Rights Act of 1960

16.    Congress empowered the Attorney General to request federal election records pursuant to Title III of the CRA, codified at 52 U.S.C. §§ 20701-20706.

17.    Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting in a federal election for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

18.    Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative." 52 U.S.C. § 20703. The written demand is required to "contain a statement of the basis and the purpose thereof." *Id.*

5

## IV.    FACTUAL ALLEGATIONS

19.    On July 15, 2025, the Attorney General sent a letter to Defendant seeking information regarding Utah's compliance with federal election law ("July 15 Letter").

20.    The July 15 Letter asked that Defendant produce, *inter alia*, a current copy of Utah's computerized statewide voter registration list ("SVRL") including all fields required by HAVA contained within the list. A response was requested within fourteen days.

21.    On July 31, 2025, Defendant responded to the July 15 Letter but offered only the publicly available redacted version of the SVRL to the Attorney General.

22.    On August 14, 2025, the Attorney General sent another letter to Defendant demanding that Utah provide a current, unredacted, electronic copy of its computerized statewide voter registration list ("August 14 Letter").

23.    The August 14 Letter stated the basis of the demand was the CRA.

24.    The August 14 Letter stated the purpose of the demand was to "assess [Utah's] compliance with the statewide [Voter Registration List] maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq."* It requested that Utah's response contain "all fields," including full name, date of birth, address, and driver's license or last four digits of social security number, "as required under HAVA to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i)."

25.    The August 14 Letter stated that the SVRL and all other federal election records that were produced would be maintained according to all applicable federal laws, including Section 304 of the CRA and the Privacy Act. The August 14 Letter also explained that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered to be a social security

6

number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

26.    On August 29, 2025, Defendant asked for additional information to address privacy concerns with the demand for federal election records.

27.    On December 2, 2025, the Attorney General sent Defendant an email, with a proposed memorandum of understanding ("MOU") attached, explaining it "satisfies all reasonable concerns regarding privacy and data security."

28.    On December 9, 2025, Defendant replied by e-mail that she would need additional time to consider the Attorney General's request and referenced a Secretaries of State meeting in the "next few weeks."

29.    To date, Defendant has not provided the records identified in the Attorney General's written demand for federal election records, including an unredacted SVRL with "all fields," necessitating this CRA action to compel their production.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

30.    The United States restates and incorporates herein the foregoing allegations in this Complaint.

31.    Defendant is an "officer of election," as that term is defined in Section 306 of the CRA, 52 U.S.C. § 20706.

32.     On August 14, 2025, pursuant to Section 303 of the CRA, the Attorney General sent a written demand to Defendant. *See* 52 U.S.C. § 20703.

33.     The written demand identified the federal election records to be produced, including the SVRL, which are covered by Section 301 of the CRA, 52 U.S.C. § 20701.

34.     The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

35.     To date, Defendant has refused to provide the demanded federal election records.

Wherefore, the United States respectfully requests this Court to:

A.      Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B.      Order Defendant to produce to the Attorney General the current electronic copy of Utah's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within five (5) days of a Court order.

C.      Order Defendant to produce such other federal election records demanded by the Attorney General to ascertain Defendant's compliance with HAVA and the NVRA;

D.      Order such other relief as the interests of justice may require.

DATED: February 26, 2026

Respectfully submitted,


HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division


*/s/ Christopher J. Gardner*
CHRISTOPHER J. GARDNER
BRITTANY BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
150 M St. NE, 8th Floor
Washington, D.C. 20002
Telephone: (202) 812-2631
E-mail: Christopher.Gardner@usdoj.gov
E-mail: Brittany.Bennett@usdoj.gov