UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah,<br><br>Defendant. | **ORDER TO PROPOSE SCHEDULE**<br><br>Case No. 2:26-cv-00166<br><br>Magistrate Judge Daphne A. Oberg |

To secure the just, speedy, and inexpensive determination of every action and proceeding and fulfill the purposes of Fed. R. Civ. P. 1, 16, and 26, IT IS HEREBY ORDERED:

1.  Except for cases listed in Fed. R. Civ. P. 26(a)(1)(B), Plaintiff(s) must propose a schedule to Defendant(s) in the form of a draft Attorney Planning Meeting Report[1] within 14 days after the first answer to the complaint is filed,[2] subject to the following exceptions:

---

[1] The Attorney Planning Meeting Report can be found on the court's website at: https://www.utd.uscourts.gov/civil-case-scheduling.

[2] If the first answer to the complaint is filed more than 90 days after any Defendant has been served with the complaint or 60 days after any Defendant has appeared because the parties were waiting for the resolution of a pending motion, the court finds good cause to delay the issuance of a scheduling order until after the resolution of the motion. Judicial economy is favored by such a delay.

a. The parties may stipulate to a litigation schedule before an answer is filed.

b. If the first answer to the complaint has already been filed at the time this Order is issued, Plaintiff(s) must propose a schedule to Defendant(s) in the form of a draft Attorney Planning Meeting Report within 14 days after the date of this Order.

c. DUCivR 81-1(d) governs scheduling in cases that are removed to federal court.

d. LPR 1.2 governs scheduling in patent cases.

2. The parties must conduct their planning conference under Fed. R. Civ. P. 26(f) within 14 days after Plaintiff(s) providing Defendant(s) with a draft Attorney Planning Meeting Report.

a. The court's preference is for the parties to conduct their Fed. R. Civ. P. 26(f) conference by way of: telephone call, video teleconference, or in-person meeting in which all the required items in Fed. R. Civ. P. 26(f) are discussed.

b. If the parties are unable to reach agreement on *all* issues required to be discussed in their Fed. R. Civ. P. 26(f) conference, the parties must conduct a telephone call, a video teleconference, or an in-person meeting before filing a Motion for Scheduling Conference as outlined below.

3. Within 35 days after the first answer to the complaint is filed, or if the first answer to the complaint has already been filed at the time this Order is

issued, within 35 days after the date of this Order, the parties must do one

of the following:

a.      If the parties are able to reach agreement on *all* issues required to

be discussed in their Fed. R. Civ. P. 26(f) conference, the parties

must file a Stipulated Motion for Scheduling Order with a jointly

signed Attorney Planning Meeting Report attached. The parties

must also email a stipulated Proposed Scheduling Order[3] in word

processing format to the Magistrate Judge or, if the case is not

assigned or referred to a Magistrate Judge, to the assigned District

Judge.

b.      If the parties are unable to reach agreement on *all* issues required

to be discussed in their Fed. R. Civ. P. 26(f) conference, the parties

must file a Motion for Scheduling Conference with a copy of their

Attorney Planning Meeting Report attached indicating which

provisions are contested and which are not. The parties must also

email their respective Proposed Scheduling Orders in word

processing format to the Magistrate Judge or, if the case is not

assigned or referred to a Magistrate Judge, to the assigned District

Judge.

4.      If a Scheduling Conference is held, the parties must be prepared to

discuss the following issues:

---

[3] The Proposed Scheduling Order can be found on the court's website at:
https://www.utd.uscourts.gov/civil-case-scheduling.

3

- The disputed matters in the Attorney Planning Meeting Report.

- What 2-3 core factual or legal issues are most likely to be determinative of this dispute?

- Who are the 1-3 most important witnesses each side needs to depose? Is there any reason these witnesses cannot be deposed promptly?

- What information would be most helpful in evaluating the likelihood of settlement? Is there any reason it cannot be obtained promptly?

- Briefly describe the crucial facts, primary claims, and primary defenses.

- What could be done at the outset to narrow and target the discovery in this case?

- What agreements have the parties reached regarding limitations on discovery, including discovery of ESI?

- Is there a need to schedule follow-up status conferences?

5.    The parties are urged to propose a schedule providing for:

a.    Completion of fact discovery no more than 6 months after the first answer to the complaint is filed.

b.    Expert reports from the party with the burden of proof on an issue 28 days after the completion of fact discovery, and responsive reports 28 days thereafter.

c.    Completion of expert discovery 28 days after the filing of expert reports.

d.  Dispositive motion deadline no more than 10 months after the first answer to the complaint is filed.

6.  Unless the parties stipulate or the court orders otherwise, the parties must exchange their disclosures under Fed. R. Civ. P. 26(a) within 14 days from the date of the Fed. R. Civ. P. 26(f) conference.

7.  Except as provided by Fed. R. Civ. P. 26(d)(2) or by court order, discovery begins after the conclusion of the Fed. R. Civ. P. 26(f) conference. If a party seeks discovery before the Fed. R. Civ. P. 26(f) conference, it must file a Motion for Expedited Discovery.

IT IS SO ORDERED.

DATED this 27th day of February, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge