David C. Reymann (8495)
Cheylynn Hayman (9793)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Tel: (801) 257-7939
dreymann@parrbrown.com
chayman@parrbrown.com

Daniel J. Freeman*
DEMOCRATIC NATIONAL COMMITTEE
430 Capitol South SE
Washington, DC 20003
Tel: (202) 863-8000
freemand@dnc.org

*Counsel for Amicus Curiae*
*Democratic National Committee*

*\* Pro Hac Vice Application Forthcoming*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DEMOCRATIC NATIONAL COMMITTEE'S MOTION FOR LEAVE TO FILE AMICUS BRIEF** |
| Plaintiff, | |
| v. | Case No. 2:26-cv-166-DBB-DAO |
| DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah, | Judge David Barlow |
| Defendant. | Magistrate Judge Daphne A. Oberg |

The Democratic National Committee ("DNC") respectfully moves for leave to submit a

brief in this matter as amicus curiae in support of Defendants' Motion to Dismiss, ECF No.

18. The DNC is the oldest continuing party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voter's rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to vote in favor of Democratic candidates. The DNC represents millions of voters, including nearly 300,000 registered Democrats in Utah.

This Court should exercise its discretion to allow the DNC to file an amicus brief. *See* DUCivR 7-6. "Federal courts have broad discretion in allowing participation of amicus curiae." *Friends of Animals v. U.S. Fish & Wildlife Serv.*, No. 4:18-cv-53 2021 WL 4440347, at *1 (D. Utah. Sept. 28, 2021) (citing *N.M. Oncology & Hematology Consultants, Ltd. V. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175 (10th Cir. 2021)). Under the Local Rules, this Court considers "the amicus's interest in the litigation; the usefulness of the memorandum to the disposition of the case; and whether the parties consent to the filing of the memorandum." DUCivR 7-6(b)(1). These factors favor permitting the DNC to participate as amicus.

In this case, the U.S. Department of Justice ("DOJ") demands a copy of Utah's complete, unredacted voter file, which includes the personally identifiable information of nearly 300,000 Democrats. *Cf. United States v. Sutton*, No. 1:21-cr-598, 2023 WL 3478484, at *2 (D.D.C. May 16, 2023) (granting leave to file an amicus brief to the National Fraternal Order of Police based on potential impact on "365,000 member officers across the country"). This demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose between electoral participation and data privacy. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). In turn, the DNC has a significant protectable interest in the success of

Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves from the voter rolls would severely burden that interest. *See, e.g.*, *Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365, at *2–3 (D. Nev. Apr. 28, 2020); *cf. Bost v. Ill. State Bd. of Elections*, 146 S. Ct. 513, 519–21 (2026).

The DNC would also offer substantial expertise concerning the statutes at issue: Title III of the Civil Rights Act of 1960 ("Title III"), 52 U.S.C. §§ 20701–20706; the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501–20511; and the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. §§ 20901–21145. The DNC routinely litigates under both the NVRA and HAVA. *See, e.g.*, *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.) (NVRA). More broadly, the DNC regularly works with state and local officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on Title III's document-retention requirements when carrying out that work. The DNC's proposed amicus brief reflects its technical expertise and will be of use to this Court in resolving whether DOJ's demand for the complete, unredacted Utah voter file sets out "the purpose" for the request, as Title III requires, *see* 52 U.S.C. § 20703, or offers mere pretext. More than a dozen courts have thus granted leave for the DNC to file amicus briefs in related cases. *See, e.g.*, Order, *United States v. Oregon*, No. 6:25-cv-1666 (D. Or. Nov. 21, 2025), ECF No. 38.

The DNC's interests are also distinct from the interests of Lieutenant Governor Henderson and proposed Intervenor-Defendants, a government official and social welfare organizations respectively. Unique among these parties, the DNC is a political organization whose interests extend beyond electoral processes and participation—only the DNC has an interest in who wins

3

elections as well.  *See Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 196 (2022) (recognizing that interests of public officials and private litigants may be "related" but "not identical" (internal quotation marks and citation omitted)); *Bost*, 146 S. Ct. at 520 ("Voters, to be sure, also have a general interest in an accurate vote tally.  But a candidate's interest differs in kind." (internal citation and quotation marks omitted)).

For these reasons, this Court should grant the DNC's motion for leave to file an amicus brief.  Pursuant to DUCivR 7-6(b)(1)(C), the DNC has met and conferred with the parties. Lieutenant Governor Henderson does not oppose the instant motion, and the United States takes no position.  A proposed order and the proposed amicus brief are attached hereto.

RESPECTFULLY SUBMITTED this 18th day of March 2026.

/s/ *David C. Reymann*

PARR BROWN GEE & LOVELESS
David C. Reymann
Cheylynn Hayman

DEMOCRATIC NATIONAL COMMITTEE
Daniel J. Freeman

*Counsel for Amicus Curiae*
*Democratic National Committee*