# EXHIBIT 4



**State of Utah**

SPENCER J. COX
*Governor*

DEIDRE M. HENDERSON
*Lieutenant Governor*

## Office of the Lieutenant Governor

RYAN COWLEY
*Director of Elections*

SHELLY JACKSON
*Deputy Director of Elections*

August 29, 2025

Michael E. Gates
Deputy Assistant Attorney General
U.S. Department of Justice Civil Rights Division

Sent via email: Michael.Gates@usdoj.gov

Mr. Gates:

This letter is in response to the Department of Justice's (DOJ) request to the Lieutenant Governor for sensitive voter information, dated August 14, 2025, and follow up email on August 22, 2025. We are grateful for the additional time to prepare a response. To facilitate a clear and constructive dialogue, we kindly request clarification regarding the purpose of these requests and how the records might be utilized by the DOJ.

<u>Background</u>

Utah's statewide voter-registration list ("VRL") contains highly sensitive and personally identifiable voter information.  On July 15, you requested "all fields" of the VRL.  We responded on July 31 with an offer to produce certain publicly available voter data.  But in your August 14 letter, you indicated that our initial offer to produce this publicly available information was insufficient.  Instead, you renewed your request for the entire VRL and specified that our production should include voters' full names, dates of birth, and residential addresses, as well as their state driver's license numbers or the last four digits of their social security numbers.  You have asked us to respond by today.

<u>Purpose</u>

We seek to better understand some aspects of the requests. Notably, the initial letter referenced the National Voter Registration Act's ("NVRA") requirement for public inspection of certain records to verify the accuracy of Utah's official list of eligible voters. But the second letter outlined a different focus, this time requesting the VRL under the Civil Rights Act ("CRA")—to

ascertain Utah's compliance with the list maintenance requirements of the NVRA and HAVA." The second letter also referenced DOJ's confidentiality obligations under the CRA, but those confidentiality obligations are imposed only by the CRA, not by any statute mentioned in the first letter.

Given these variations in purpose and authority, we kindly request clarification on the specific objectives behind these requests and the applicable legal authority. Our goal is to ensure that we fully understand and address the DOJ's concerns while respecting all relevant state and federal legal requirements.

<ins>Intended Use</ins>

We also request clarity regarding how the requested information may be used or shared. Initially, the authority cited for the request was a statute allowing inspection of individual records. We'd like to understand whether our entire VRL—containing highly sensitive personally identifiable information—will be made available to the public, as implied by the references in the first letter. And if the DOJ considers the VRL to have been produced under the CRA (as the second letter suggests), we would appreciate clarification on which government agencies might receive the VRL from the DOJ. If any groups, agencies, or entities outside of the DOJ may have, or will be given, access to this data, we'd like clarification on both the authority and purpose for that access, as well as how the private information will be protected in accordance with the Privacy Act.

<ins>Request for Clarification</ins>

As demonstrated above, the DOJ has not clearly articulated the specific legal authority supporting its request for Utah's VRL containing personal identifying information of all Utah voters. Additionally, it remains unclear whether the VRL, if provided, would be maintained as strictly confidential and not disseminated to other governmental agencies or outside entities. Before proceeding with further legal analysis regarding the appropriateness of releasing the VRL, we kindly request clarification on the following points:

- What explicit authority does the DOJ rely on to request the entire VRL, including all personal identifying information of Utah voters? If this authority is based on the NVRA, should we be concerned that the NVRA does not appear to impose strict confidentiality requirements on the DOJ? Conversely, if the authority is based on the CRA, which does impose confidentiality obligations on the DOJ, under what circumstances might the DOJ share the VRL with other governmental agencies?

- Will the DOJ share the VRL with any non-governmental individuals or entities, such as advocacy organizations?

- Does the DOJ intend to match any information in the VRL against any other databases, whether federal, state, or non-governmental? If so, please specify which databases and the purposes of such comparisons.
- What is the relevant timeframe for this request? The initial communication specified a period from the close of registration for the November 2022 general election through the close of registration for the November 2024 election. This timeframe begins approximately 36 months ago. But the CRA—cited in the second letter as the authority for this request—imposes recordkeeping obligations for only 22 months following the date of any election in which a federal race is involved. Since the November 2022 election falls outside this 22-month period, we'd appreciate assistance identifying the relevant timeframe.

We are committed to working together to address these questions effectively. We appreciate your assistance in clarifying these matters to ensure compliance and mutual understanding. Please contact me with questions.

Sincerely,

Ryan Cowley
Director of Elections