UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [ECF NO. 26] MOTION OF THE LEAGUE OF WOMEN VOTERS TO INTERVENE AS DEFENDANTS**<br><br>Case No. 2:26-cv-0166-DBB-DAO<br><br>District Judge David Barlow |

Before the court is the League of Women Voters of Utah's ("LWV") Motion to Intervene as Defendant.[1] Neither Plaintiff, Defendant, nor Intervenor-Defendants filed an opposition to the LWV's motion.[2] Having reviewed the briefing and the case law, the court finds that oral argument is not necessary.[3]

**BACKGROUND**

The United States brings this action against Lieutenant Governor Henderson in her role as Utah's chief election officer.[4] The United States seeks an order requiring her to provide the United States Department of Justice with Utah's unredacted computerized statewide voter

---

[1] Mot. of the League of Women Voters of Utah to Intervene as Defs. ("LWV Mot. to Intervene"), ECF No. 26, filed March 20, 2026.
[2] The deadline to file any response was April 3, 2026.
[3] *See* DUCivR 7-1(g).
[4] Compl. ¶ 8, ECF No. 1, filed February 26, 2026.

registration list.[5] The United States claims authority to review the voter registration list under the Civil Rights Act of 1960.[6]

Seven days after the Complaint was filed in this case, the NAACP Tri-State Conference of Idaho, Nevada, and Utah and the National Association for the Advancement of Colored People's (collectively, "NAACP") filed its Motion to Intervene as Defendants.[7] The court granted the NAACP's motion on March 23, 2026.[8]

The LWV filed its motion to intervene on March 20, 2026.[9] The LWV argues that it can intervene as of right, or in the alternative, the court should grant permissive intervention.[10]

## STANDARD

Under Rule 24(a) and Tenth Circuit precedent, to intervene as of right a party "must establish that (1) the application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter be impaired or impeded; and (4) the interest may not be adequately represented by existing parties."[11] The Tenth Circuit "has historically taken a liberal approach to intervention and thus favors the granting of motions to intervene."[12] In addition, the Tenth Circuit has "'relaxed' intervention requirements in 'cases raising significant public interests' . . . ."[13]

---

[5] *Id.* ¶ 35.
[6] *Id.* ¶¶ 30–35.
[7] Mot. to Intervene as Defs. ("NAACP Mot. to Intervene"), ECF No. 5, filed March 5, 2026.
[8] Mem. Decision and Order Granting Motion to Intervene as Defs. ("NAACP Order"), ECF No. 33, filed March 23, 2026.
[9] LWV Mot. to Intervene.
[10] *Id.* 1.
[11] *Kane v. United States*, 928 F.3d 877, 890 (10th Cir. 2019).
[12] *Id.*
[13] *Id.* at 896 (quoting *San Juan Cty. v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007)).

Under Rule 24(b), the court can grant permissive intervention if the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights."[14]

## DISCUSSION

The court first notes that this case raises "significant public interests" and thus "the requirements for intervention may be relaxed."[15] "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live."[16] As such, any action that may possibly interfere with or dissuade people from exercising that right is of significant public interest. This case involves the provision of voter information from the state to the federal government, and thus plainly involves significant public interests.

This motion presents nearly identical issues to those the court previously addressed in granting the NAACP's motion to dismiss.[17] Where no party has filed an opposition, the court finds that the same reasoning applies here. Thus, under the Tenth Circuit's liberal, relaxed standard, the court grants the LWV's motion to intervene for the same reasons stated in the court's order granting the NAACP's motion to intervene.[18]

In the alternative, the court would also grant the LWV permissive intervention. The LWV's motion was timely, and the parties have agreed to a consolidated briefing schedule including the LWV, so intervention will not delay or prejudice the existing parties.[19]

---

[14] Fed. R. Civ. P. 24(b).

[15] *Id.* at 890.

[16] *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

[17] *See* NAACP Order.

[18] *See id.*

[19] *See* Order Granting Joint Motion for Order on Consolidated Briefing Schedule, ECF No. 44, filed April 7, 2026.

3

## ORDER

The proposed intervenors LWV's motion to intervene[20] is GRANTED. Per the court's previous order on the consolidate briefing schedule,[21] LWV is ORDERED to file its Motion to Dismiss by April 22, 2026.

Signed April 7, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[20] ECF No. 26.
[21] ECF No. 44.