# Exhibit 12

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

THE UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
    v.    )    CIVIL NO. 06-86-B-W
    )
STATE OF MAINE, and MATTHEW    )
DUNLAP, Secretary of State, in his official    )
capacity,    )
    )
    Defendants.    )
    )

## SUPPLEMENTAL CONSENT DECREE, JUDGMENT, and ORDER

The United States filed its Complaint in this action on July 28, 2006, pursuant to Section 401 of the Help America Vote Act ("HAVA"), 42 U.S.C. § 15511 and Section 11(a) of the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg-9(a), alleging that Defendants violated HAVA and the NVRA by failing to comply with Sections 301(a) and 303(a)(3) of HAVA, 42 U.S.C. §§ 15481(a), 15483(a)(3), and Section 8 of the NVRA, 42 U.S.C. § 1973gg-6 ("Section 8 ").  The United States alleged that Defendants:  1) had violated Section 301(a)(3) of HAVA, 42 U.S.C. § 15481(a)(3) ("Section 301(a)(3)"), by not having in place on January 1, 2006 voting systems for use in federal elections complying with accessible voting system standards; 2) had violated Section 303(a) of HAVA, 42 U.S.C. § 15483(a) ("Section 303(a)"), by not having fully developed and implemented a computerized statewide voter registration list meeting the Section's requirements; and 3) had violated Section 8 by failing to ensure that local registrars eliminated duplication in voter registration records across municipal jurisdictions in federal elections.

1

The United States and the State of Maine agreed to a Consent Decree on July 28, 2006, which was approved and entered by this Court on August 1, 2006. The parties then approved a modification to the terms of that Consent Decree on October 23, 2006, which was filed by this Court on October 26, 2006. The modifications that the parties requested were incorporated in the document labeled Attachment A-1, which was substituted for the original Attachment A to the Consent Decree.

The State of Maine asserts that it has fully complied with the accessible voting equipment portions of the Consent Decree and Attachments, as it had accessible voting equipment on site and functioning for the federal election on November 7, 2006, in all but one polling place with no telephone service and only thirteen registered voters. The clerk in Kingsbury Plantation, the township that could not use the accessible voting equipment, agreed to drive any voters to the adjoining town of Guilford, approximately fifteen miles away, to vote using accessible equipment if voters wished to do so. The State has indicated that such measures will continue to be available to voters in Kingsbury Plantation so long as the township is unable to use the accessible voting equipment.

Defendants admit that the State still does not have a fully implemented HAVA-compliant computerized statewide voter registration system ("CVR") containing all of its voter registration data in place, and cites technical problems for the delay. Paragraph 6 of Attachment A-1 provides that by January 17, 2007, all municipalities in the State would be "live" on the HAVA-compliant CVR. As of that date, however, only 238 municipalities and a total of 402,112 voter records were live in the CVR, representing just under half of the jurisdictions and approximately forty percent of the total number of voter records in the state. Another 168 municipalities with 378,157 voter records had been entered into the Data Correction Tool and were awaiting data

corrections by local registrars before going live.   Data from the remaining 96 municipalities still had to be entered manually, or converted electronically, into the CVR.  Thirty-seven of these 96 municipalities, with approximately 21,885 voter records, appeared, as of that date, to have made no significant progress toward entering their voter registration data into the system.

Since January 17, 2007, an additional 125 municipalities and an additional 322,787 voter records have been added to the CVR.  At present, over 70% of the jurisdictions and over 70% of the voter records are live in the CVR.

With respect to the list maintenance requirements of Section 8 of the NVRA, Defendants acknowledge that because of delays in the implementation of the CVR, the State still does not have an adequate means of identifying voter records of ineligible voters among the lists that have not been entered into the CVR.

Defendants already have received one extension of deadlines under the original Consent Decree signed on July 28, 2006.  Because Defendants have not fully complied with the timeline set forth in Paragraph 6 of Attachment A-1, and because Defendants cannot assure the United States that they will meet the deadline set forth in Paragraph 7 (a) of the original Consent Decree, the parties have agreed to enter into a new consent decree specifically addressing the problems with the CVR implementation.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that:

1.  Defendants are enjoined to take the actions specified below to comply fully with Sections 301(a) and 303(a)(3) of the Help America Vote Act, 42 U.S.C. §§ 15481, 15483(a), and Section 8 of the National Voter Registration Act, 42 U.S.C. § 1973gg-6.

2. Defendants are enjoined to take the actions specified below to comply fully with Section 303(a) of the Help America Vote Act, 42 U.S.C. § 15483(a), and Section 8 of the National Voter Registration Act, 42 U.S.C. § 1973gg-6.

**COMPLIANCE WITH STATEWIDE VOTER REGISTRATION LIST REQUIREMENTS OF SECTION 303(a) OF HAVA**

3. Defendants will send a written communication to each of the municipalities (including here townships and other similar political subdivisions) that have not yet completed the process of entering their voter registration data into the CVR. The written communication must inform these municipalities: (1) that they are out of compliance with HAVA and this order; (2) that it is extremely urgent that they complete the task of data entry within two weeks of receipt of the communication; (3) that the names of any municipalities that do not cooperate in completing this tasks will be forwarded to the Department of Justice within 15 days after that deadline; and (4) that continued failure to cooperate and complete data entry may subject them to possible legal action by the State and/or the federal government. Defendants will make a follow-up contact in writing within 30 days after the first written communication to those municipalities that have not responded to the State's notification and have not entered their voter registration data (unless there are reasons for the delay that the parties agree are beyond their control), stating that the municipalities receiving it have been referred to the Department of Justice. Defendants will send a copy of both letters to the Department of Justice. The State agrees that it will move to implead any non-compliant municipalities as third-party defendants in this action if they have not entered their registration data by April 5, 2007.

4. Defendants have explained that the State's technical staff that is electronically converting voter registration data into the CVR cannot predict what issues may arise with the

data or how long it will take to resolve problems until the staff discovers the details of the municipalities' legacy data systems.  The State therefore shall provide written progress reports explaining the nature of any issues that arise.  The first report shall be submitted to the United States within seven days after this Consent Decree is approved by the Court.  A subsequent report shall be submitted to the United States every two weeks thereafter, until such time as the State has completely converted data from all municipalities and ensured that they are live in the CVR.  Each report shall list the names of the remaining municipalities, explain what steps remain for these municipalities, estimate the length of time it will take for remaining municipalities to be fully converted and live in the CVR, and outline future actions the State intends to take to accomplish full implementation of the CVR.

5.  A HAVA-compliant CVR including converted data from all of the State's municipalities will be fully implemented by April 15, 2007.  Within five business days of full implementation of the CVR, the State will submit to the United States a certificate of full implementation.

6.  Defendants shall continue to implement a comprehensive training program for elections staff in each local jurisdiction as each jurisdiction's voter records are entered into the CVR on the proper use of the CVR, including how it shall be used to conduct proper list maintenance under Section 8 of the NVRA.  All training shall be concluded by April 30, 2007.

**COMPLIANCE WITH VOTER REGISTRATION LIST MAINTENANCE REQUIREMENTS OF SECTION 8 OF THE NVRA**

7.  Defendants shall ensure that the Elections Division has sufficient staff and resources to meet its obligations under the NVRA and this order.  The computerized statewide voter registration system that is currently being developed and implemented is, among other things,

designed to identify and remove duplicate and deceased voter records from among the 503 separate local jurisdictions and to automate list maintenance practices under Section 8 of the NVRA.  The Elections Division shall take the following steps:

(a) perform procedures to identify and resolve voter records of ineligible voters beginning on March 15, 2007, and concluding as promptly as is reasonably possible.  A certificate of completion shall be provided to the United States within five days after the Elections Division has notified local registrars of the records that identify potential ineligible voters.  A certificate of completion also shall be provided to the United States within five days after the Elections Division has verified, or received certification from each municipality verifying, that voter records of ineligible voters previously identified pursuant to this Decree have been resolved;

(b) notify local registrars of potential ineligible voters, based on records of deceased individuals from the Bureau of Vital Statistics, and change of address notifications from the State's motor vehicle authority.  This shall be done on a monthly basis after completion of subparagraph (a) above, and shall begin no later than April 30, 2007;

(c) by June 30, 2007,  perform a match against the U.S. Postal Service National Change of Address ("NCOA") program for all registered voters whose records have not been cancelled as the result of resolving duplications and checking deceased voter records pursuant to subparagraph (b) above; and by the end of June 2009, ensure that a process of confirming voter registration records is performed statewide, using either (i) the two-step mailing process provided by state regulations, or (ii) matching data against the U.S. Postal Service NCOA program, and that the information generated by the NCOA or two-step mail matching program is

forwarded to local registrars for purposes of sending the confirmation mailing and/or updating the voter registration rolls in a manner consistent with Section 8 of the NVRA;

(d) monitor the voter registration list maintenance activities conducted by local election officials according to a monitoring plan to be submitted to the United States by April 30, 2007, and require corrective action whenever compliance issues are detected; and

(e) maintain records of the compliance issues detected by such methods and the corrective actions taken.

The Elections Division will utilize the CVR to carry out the steps described in subparagraphs (a) through (d) above.

8.  As noted in paragraph 6 above, local election officials will be trained prior to April 30, 2007 in how to use the CVR to conduct proper list maintenance under Section 8 of the NVRA. In addition, the Elections Division shall continue to provide annual training for local elections officials in proper list maintenance procedures in accordance with Section 8 of the NVRA.

**COMPLIANCE MONITORING AND RECORDKEEPING**

9.  Defendants shall take the following actions to advise the United States of the State's progress in carrying out the terms of this Decree:

(a) report to the United States according to the terms and schedule set forth in paragraphs 3 through 8 concerning progress in achieving full compliance with HAVA Section 303(a) under the terms of this Decree, in writing (by e-mail or overnight delivery), or by telephone;

(b) report to the United States on or before June 30, 2007, concerning the monitoring of on-going list maintenance activities under Section 8 of the NVRA as described in subparagraphs 7(d) and (e) above;

(c) report to the United States in July 2007 and again in January 2009, for each of Maine's local election jurisdictions: 1) the number of registered voters (including total, active, inactive, cancelled, or other status); 2) how many registrants have been sent address verification notices, or have been identified as having a possible change of address through the NCOA program pursuant to paragraph 7(c) above; 3) how many registrants have been sent change of address confirmation mailings; 4) how many registrants have been placed on inactive status; and 5) how many registrants have been removed for ineligibility and the basis for that removal;

(d) provide notice to the United States within 24 hours in writing (by e-mail or overnight delivery), as well as by telephone or other personal contact with the Chief of the Voting Section, or the Chief's designee, of any occurrence known to the Elections Division which may give rise to noncompliance with any term of this Decree or with any reporting obligations or deadlines of this Decree, and include a summary of the nature and causes of such noncompliance, and within 72 hours of said notice, provide a summary of the corrective actions Defendants propose to implement; and

(e) provide to the United States in July 2007 and again in January 2009 an electronic copy of voter information from the CVR that includes the voter's full name, unique identifier, date of birth, address, voter jurisdiction, active or inactive status, and (in January 2009 only) whether the voter participated in the 2008 federal election.

10. Defendants shall retain any and all records concerning the subject matter of this Decree during the term of this Decree. The United States shall have access to all such records within a reasonable period of time, but no later than three business days after request. Defendants shall make appropriate State personnel available to the United States at any and all reasonable times in order to answer questions and provide information concerning compliance issues which arise during the term of this Decree.

11. Defendants shall retain, or require municipal officials to retain, voter registration and list maintenance records related to the terms of this decree and as set forth in 42 U.S.C. § 1974. The Elections Division shall also retain the training materials referenced above for a period of 22 months. The State shall make these records and any reports that may be generated from the CVR available to counsel for the United States upon request.

12. If at any time the United States obtains information that Defendants are or are about to be in breach of any of the terms of this Decree, the United States shall advise Defendants in writing by notice sent to the Elections Division by e-mail or overnight delivery, and facsimile. Defendants shall have three business days following transmission of such notice to respond in writing (by e-mail or overnight delivery, and facsimile) to the United States. The parties shall thereafter immediately attempt to resolve any issue of potential noncompliance. If the parties are unable to agree on a resolution of the issue, either party may bring the matter before the Court for appropriate resolution. Nothing in this Agreement shall otherwise prevent the United States

from taking any actions required to enforce any and all provisions of HAVA or the NVRA other

than those that are the subject of this action.

13.  Any notices sent by the respective parties pursuant to provisions of this Decree shall

be sent to:

For the United States:

Chief
Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W. Room 7254-NWB
Washington, D.C. 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
Email: sean.odonnell@usdoj.gov
Email: hillary.maki@usdoj.gov

For the Defendants:

Deputy Secretary of State
Bureau of Corporations, Elections and Commissions
101 State House Station
Augusta, ME 04333-0101
Phone: (207) 624-7650
Fax: (207) 287-5428
Email: julie.flynn@maine.gov
Email: phyllis.gardiner@maine.gov

Agreed to this <u>22th</u> day of March, 2007.

AGREED AND CONSENTED TO:

For Plaintiff:

ALBERTO GONZALES
Attorney General

WAN KIM
Assistant Attorney General


       /s/  Paula Silsby
PAULA SILSBY
United States Attorney

JOHN TANNER
Chief, Voting Section


       /s/  Robert Popper
ROBERT POPPER
Special Litigation Counsel
SEAN W. O'DONNELL
HILLARY E. MAKI
Trial Attorneys
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Avenue, N.W., Room 7254-NWB
Washington, D.C.  20530
Telephone: (202) 305-4857
Facsimile: (202) 307-3961
sean.odonnell@usdoj.gov
hillary.maki@usdoj.gov

Attorneys for the United States of America

For the Defendants:

MATTHEW DUNLAP
Secretary of State
148 State House Station
Augusta, Maine  04333
Telephone: (207) 626-8400
Facsimile: (207) 287-8598


_____/s/  Phyllis Gardiner_____
PHYLLIS GARDINER
Assistant Attorney General
6 State House Station
Augusta, Maine  04333
Telephone: (207) 626-8800
Facsimile: (207) 287-3145

Counsel for the Defendants

**JUDGMENT AND ORDER**

This Court, having considered the United States' claim under Sections 301 and 303(a) of the Help America Vote Act of 2002, 42 U.S.C. §§ 15481 and 15483(a), and Section 8 of the National Voter Registration Act, 42 U.S.C. § 1973gg-6, and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree, and hereby enters the relief set forth above and incorporates those terms herein.  The provisions of this Decree shall expire on December 31, 2009.  The Court retains jurisdiction of this action to enforce the terms of this Decree during the effective period of this Decree.

ENTERED and ORDERED this 4th day of April, 2007.

/s/ John A. Woodcock, Jr.\
JOHN A. WOODCOCK, JR.\
UNITED STATES DISTRICT JUDGE

13