David P. Billings (11510)
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, UT 84111
Telephone: (801) 323-2205
dbillings@fabianvancott.com

David R. Fox*
Christopher D. Dodge*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
dfox@elias.law
cdodge@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
wmckusick@elias.law

*Counsel for NAACP Intervenors*

*\* Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEIDRE M. HENDERSON, in HER official capacity as Lieutenant Governor and chief election officer for the State of Utah, <br><br> Defendant. | **NAACP INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Case No. 2:26-cv-0166-DBB-DAO <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Pursuant to Local Civil Rule of Civil Practice 7-1(c), NAACP Intervenors respectfully provide the Court notice of supplemental authority supporting their pending Motion to Dismiss and Opposition to Plaintiff's Motion to Compel. *See* ECF Nos. 34 (NAACP Mot. to Dismiss), 51 (NAACP Reply and Opp.). A federal court has dismissed DOJ's parallel suit seeking Maryland's unredacted statewide voter registration list and denied its motion to compel. *See United States v. DeMarinis*, No. 1:25-cv-03934, 2026 WL 1780586 (D. Md. June 18, 2026). The court first concluded that the Federal Rules of Civil Procedure applied to the case because the Civil Rights Act contains no provision specifying a different procedure to invoke the district court's jurisdiction. *Id.* at *3; *see also* NAACP Reply and Opp. at 2–5 (arguing the Federal Rules apply to DOJ's demand in Utah). It then joined four other federal courts in concluding that state voter registration lists do not constitute a record or paper that "come[s] into [the] possession" of the State and is subject to production pursuant to 52 U.S.C. § 20701. *See DeMarinis*, 2026 WL 1780586 at *4; *see also United States v. Bellows*, No. 1:25-cv-00468, 2026 WL 1340481 (D. Me. May 21, 2026), *appeal docketed*, No. 26-1676 (1st Cir. June 15, 2026); *United States v. Wis. Elections Comm'n*, No. 25-cv-1036, 2026 WL 1430354 (W.D. Wis. May 21, 2026), *appeal docketed*, No. 26-02217 (7th Cir. June 5, 2026); *United States v. Benson*, 819 F. Supp. 3d 753 (W.D. Mich. 2026), *argued*, No. 26-1225 (6th Cir. May 13, 2026); *United States v. Fontes*, No. 2:26-cv-66, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026), *appeal docketed*, No. 26-3609 (9th Cir. June 4, 2026); NAACP Reply and Opp. at 15–20 (arguing the Civil Rights Act does not cover Utah's voter registration list). The court reasoned that interpreting § 20701 to cover the voter registration list would conflict with 52 U.S.C. § 20702, which criminalizes the alteration of any record or paper covered under § 20701, and would lead to the absurd result of criminalizing conduct required by the NVRA and HAVA. *DeMarinis*, 2026 WL 1780586, at *5. It therefore dismissed the case with prejudice. *Id.*

1

Nine federal courts have now dismissed DOJ's complaints in these matters, whereas not one has found it to have stated a valid claim.

Dated: June 22, 2026

Respectfully submitted,
*/s/ David P. Billings*
David P. Billings
**FABIAN VANCOTT**

David R. Fox*
Christopher D. Dodge*
Walker McKusick*
**ELIAS LAW GROUP LLP**
* *Admitted Pro Hac Vice*
*Counsel for NAACP Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June 2026, the foregoing document has been filed electronically through the District of Utah ECF system, which effectuated service of such filing upon all counsel who have entered an appearance.

/s/ David P. Billings
David P. Billings
FABIAN VANCOTT
Counsel for NAACP Intervenors