David P. Billings (11510)
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, UT 84111
Telephone: (801) 323-2205
dbillings@fabianvancott.com

David R. Fox*
Christopher D. Dodge*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 948-1135
dfox@elias.law
cdodge@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: (202) 948-1135
wmckusick@elias.law

*Counsel for NAACP Intervenors*

*\* Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEIDRE M. HENDERSON, in HER official capacity as Lieutenant Governor and chief election officer for the State of Utah,<br><br>Defendant. | **NAACP INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 2:26-cv-0166-DBB-DAO<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to DUCivR 7-1(c), NAACP Intervenors respectfully provide the Court notice of supplemental authority supporting Intervenor-Defendants' pending Motion to Dismiss and Opposition to Plaintiff's Motion to Compel. ECF Nos. 34 (NAACP Mot. to Dismiss), 51 (NAACP Reply & Opp.). Two days ago, in DOJ's parallel suit seeking Michigan's unredacted voter list, the Sixth Circuit affirmed dismissal of DOJ's complaint on two grounds.

First, the Sixth Circuit held that a statewide voter list "is an internally generated electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the Civil Rights Act of 1960 ("CRA"). *United States v. Benson*, No. 26-1225, 2026 WL 1815425, at *5 (6th Cir. June 24, 2026); *see also* NAACP Reply & Opp. at 15–18. In reaching this conclusion, the court looked to dictionary definitions, ordinary usage, and statutory context. *Benson*, 2026 WL 1815425, at *4–6. The court explained that construing the CRA to cover voter lists, as DOJ urges, would put the CRA "on a collision course with the NVRA and HAVA," because those statutes require election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. *Id.* at *5–6; *see also* NAACP Reply & Opp. at 19–20. The court also explained that reading the CRA to extend to all records *in* the possession of election officials would render the phrase "come into" superfluous. *Benson*, 2026 WL 1815425, at *6; *see also* NAACP Reply & Opp. at 16. And the court rejected many of the same counterarguments DOJ advanced here, such as sweeping "policy considerations" that "do not constitute a proper method of statutory interpretation." *Benson*, 2026 WL 1815425, at *7 (quoting *Reichert v. Kellogg Co.*, 170 F.4th 473, 487 (6th Cir. 2026)); *see* ECF No. 49 at 7.

Second, the Sixth Circuit alternatively held that, even if the CRA could reach a State's voter list, DOJ failed to state both the basis and the purpose for its demand in a single letter, as the

CRA requires. *Benson*, 2026 WL 1815425, at *8; *see* NAACP Mot. to Dismiss at 8–18.

DOJ's position has now been rejected by ten federal courts, including one court of appeals. Not a single court has concluded that DOJ stated a viable claim. Faced with this unanimous and growing body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

Dated: June 26, 2026

Respectfully submitted,
*/s/ David P. Billings*
David P. Billings
**FABIAN VANCOTT**

David R. Fox*
Christopher D. Dodge*
Walker McKusick*
**ELIAS LAW GROUP LLP**
* *Admitted Pro Hac Vice*
*Counsel for NAACP Intervenors*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2026, the foregoing document has been filed electronically through the District of Utah ECF system, which effectuated service of such filing upon all counsel who have entered an appearance.

/s/ David P. Billings
David P. Billings
FABIAN VANCOTT
Counsel for NAACP Intervenors

4912-1366-0088, v. 1