HARMEET K. DHILLON, Assistant Attorney General
JESUS A. OSETE, Principal Deputy Assistant Attorney General
ERIC V. NEFF, Acting Chief, Voting Section
United States Department of Justice Civil Rights Division

ANELISE K. POWERS
JOSEPH W. VOILAND
GEORGE L. CLARK
JONATHON P. HAUENSCHILD
Civil Rights Division, Voting Section
150 M St. NE, 8th Floor
Washington, D.C. 20002
Anelise.powers@usdoj.gov
Telephone: 202.805.8099

TIFFANY ROMNEY, Assistant United States Attorney (6131)
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.524.5682
Tiffany.romney@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah, *et al*., <br><br> Defendants. | **UNITED STATES' RESPONSE TO NAACP DEFENDANT INTERVENORS' SECOND SUPPLEMENTAL AUTHORITY** <br><br> No.: 2:26-cv-00166-DBB-DAO <br><br> Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

The United States hereby responds to NAACP Defendant Intervenors' Notice of Supplemental Authority filed June 26, 2026 (Dkt. 57).

In a split decision in *United States v. Benson*, 2026 WL 1815425 (6th Cir. June 24, 2026), the court held that for purposes of Title III of the Civil Rights Act of 1960 ("CRA"), Michigan's SVRL is not a record that "come[s] into [the] possession" of an "officer of election," 52 U.S.C. § 20701, because it is "internally generated . . . , not a record acquired from an outside source." 2026 WL 1815425, at *5. The court further stated that officers of election need not retain and preserve the SVRL because "the NVRA and HAVA *require* Michigan election officials to alter [it] routinely." *Id.*

As Judge Nalbandian's dissent pointed out, the CRA contains no "external-source limitation." *Id.* at *10 n.3. The historical backdrop against which Title III was passed belies any such limitation. *See id.* at *11. The majority's reading would also produce bizarre results as it would exclude self-generated lists designating registrants "by race." *Id.* at *11 n.7. Even accepting an external-source limitation, Title III's "focus[] on individual 'officer[s] of election'" means that even if "Benson's employees generated the [SVRL]—and therefore didn't 'come into . . . possession' of the list themselves—Benson nonetheless 'c[a]me into . . . possession' of the file when her employees sent it to her." *Id.* at *11 (citations omitted; alterations in original).

*Benson* also held that the Attorney General's demand was inadequate because the statement of the basis and purpose was spread out over multiple letters. *See id.* at *8. "The majority strain[ed] to bifurcate the two letters into discrete 'demands,'" but that approach "shuns the common-sense inquiry of whether the DOJ put Michigan on notice." *Id.* at *12-13 (Nalbandian, J., dissenting). "[T]he Attorney General needn't articulate a basis and a purpose in a single communication," as it suffices to incorporate earlier letters by reference. *Id.* at *13 (citing 52 U.S.C. § 20703).

Date: June 30, 2026

TIFFANY ROMNEY
Assistant United States Attorney
District of Utah

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ Anelise K. Powers
ANELISE K. POWERS
JOSEPH W. VOILAND
GEORGE L. CLARK
JONATHON P. HAUENSCHILD
Department of Justice, Civil Rights Division

Attorneys for the United States