DEREK BROWN
Utah Attorney General

MARK C. GILLESPIE (19265)
JOSHUA B. CUTLER (16434)
Assistant Utah Solicitors General
DAVID N. WOLF (6688)
LANCE SORENSON (10684)
ANIKKA HOIDAL (16489)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
dnwolf@agutah.gov
lancesorenson@agutah.gov
ahoidal@agutah.gov
jbcutler@agutah.gov
markgillespie@agutah.gov

*Counsel for Defendant*

---

**In the United States District Court for the District of Utah**

| | |
|---|---|
| The United States of America, *Plaintiff,* v. Deidre M. Henderson, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah, *Defendant.* | **Defendant Lieutenant Governor Deidre M. Henderson's Notice of Supplemental Authority** Case No. 2:26-cv-000166-DBB-DAO Judge David Barlow Magistrate Judge Daphne A. Oberg |

1

Defendant Deidre M. Henderson, in her official capacity as Lieutenant Governor of the State of Utah, respectfully offers the Court notice of supplemental authority supporting her pending Motion to Dismiss and Opposition to Plaintiff's Motion to Compel. *See* Dkt. 18; Dkt. 50; DUCivR 7-1(c).

Over the past three weeks, six cases have been decided in parallel district proceedings. Like all previous such rulings nationwide, all six resulted in dismissal of Plaintiff's claims under the Civil Rights Act of 1960 (CRA).

- ***Pennsylvania.*** In *United States v. Schmidt*, No. 2:25-cv-01481, 2026 WL 1850016 (W.D. Pa. June 27, 2026), the court rejected Plaintiff's attempt to coerce the production of State voter rolls via the CRA. Following the recent reasoning of the Sixth Circuit, the court held that "[u]nredacted voter files are not 'records'" subject to compulsion under the CRA and that Plaintiff's demands did not "contain 'a statement of the basis and purpose'" as the CRA requires. *Id.* at *2 (quoting *United States v. Benson*, __ F.4th __, 2026 WL 1815425, at *4–5, *8 (6th Cir. June 27, 2026)). Plaintiff's CRA claim was also filed in the wrong district, but the court reasoned that "[g]iven the defects suffered by the government's positions, a transfer to the proper forum would not promote justice." *Id.*

- ***New Hampshire.*** In *United States v. Scanlan*, No. 25-cv-371, 2026 WL 1864054 (D.N.H. June 29, 2026), the court rejected Plaintiff's CRA claim on the same two grounds. First, it held that New Hampshire's voter rolls—"a continuously maintained, state-generated compilation of data" that the State "built, updated, and controlled since its creation" did "not constitute a record or paper that 'comes into [an election officer's] possession' as this phrase is used" in the CRA. *Id.* at *6. The court declined to adopt Plaintiff's reading of the statute because it "would cover every record that an election official touches at any point in time." *Id.* Second, the court explained that the CRA requires Plaintiff to provide "the factual basis for [its] demand." *Id.* at *7. Here, it concluded that Plaintiff had not identified "any factual anomalies in New Hampshire's voter registration data" or "pattern suggesting noncompliance with HAVA or the CRA" sufficient to justify its demand. *Id.*

- ***New York.*** In *United States v. Bd. of Elections of the State of New York*, No. 1:25-CV-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026), the court dismissed Plaintiff's CRA claim on the basis that "a voter registration list is not a record or paper that a state must produce to the Government under

Title III." *Id.* at *11. In doing so, it "join[ed] every district court to have addressed this issue" (as well as the Sixth Circuit) and echoed their reasoning. *Id.*; *see id.* at *8–11 (citing several cases). The court also concluded that the Federal Rules of Civil Procedure apply to Plaintiff's suit. *Id.* at *5–7.

- **West Virginia.** In *United States v. Warner*, No. 2:26-cv-00156, 2026 WL 2018877 (S.D. W. Va. July 13, 2026), the court dismissed Plaintiff's CRA claim because "(1) [Plaintiff] failed to provide a factual basis for its demand, and (2) the stated purpose of the demand falls outside of Title III's scope." *Id.* at *3. Plaintiff failed to provide a "factual basis" for its demand (*e.g.*, evidence of noncompliance) entirely, *id.* at *4–6, and its "stated purpose" ("assessing compliance with the NVRA and HAVA") was legally insufficient to support a CRA demand. *Id.* at *6–8. The court also concluded that the Federal Rules of Civil Procedure apply to Plaintiff's suit. *Id.* at *2.

- **Virginia.** In *United States v. Koski*, No. 3:26-cv-00042, 2026 WL 2032532 (E.D. Va. July 14, 2026), the court held that Virginia's voter registration list was "outside the scope of the CRA by the plain meaning of the statutory text" because the CRA "requir[es] States to preserve records that voters submitted to them—not records that the States had created themselves." *Id.* at *5–6. The court highlighted the "'tension'" created by subjecting voter lists to CRA requirements, and concluded that "the CRA simply does not contemplate that kind of record." *Id.* at *6 (quoting *United States v. Wisconsin Elections Comm'n*, 2026 WL 1430354, at *5 (W.D. Wis. May 21, 2026)). It also concluded that the Federal Rules of Civil Procedure apply to Plaintiff's suit. *Id.* at *1 & n.2 (collecting cases).

- **New Mexico.** Finally, in *United States v. Oliver*, No. 1:25-cv-01193, 2026 WL 2031479 (D.N.M. July 14, 2026), the court held that Plaintiff failed to state a claim under the CRA because it did not provide a valid basis for its demand. *Id.* at *10. Plaintiff failed to "articulate any factual suggestion that New Mexico has violated the NVRA or HAVA, [or] indicate the State has a pattern or practice of noncompliance with the same[;] nor d[id] it explain how the unredacted PII [personally identifiable information] is necessary to evaluate compliance with the NVRA and HAVA." *Id.* As a result, the court dismissed Plaintiff's CRA claim. *Id.* The court also concluded that the Federal Rules of Civil Procedure apply to Plaintiff's suit. *Id.* at *6–7.

Sixteen federal courts have now ruled against Plaintiff's CRA claims (and none for them). This Court should dismiss Plaintiff's complaint with prejudice.

DATED: July 15, 2026

Respectfully submitted,

*/s/ Mark C. Gillespie*
Mark C. Gillespie
Joshua B. Cutler
Assistant Utah Solicitors General

Lance Sorenson
David N. Wolf
Anikka Hoidal
Assistant Utah Attorneys General

*Counsel for Defendant Lieutenant Governor*
*Deidre M. Henderson*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I caused a true and correct copy of the foregoing **Defendant Lieutenant Governor Deidre M. Henderson's Notice of Supplemental Authority** to be filed using the Court's electronic filing system, which effectuated service of such filing upon all counsel who have entered an appearance.

/s/ *Mark C. Gillespie*
Mark C. Gillespie
Assistant Solicitor General
*Counsel for Defendant*