HARMEET K. DHILLON, Assistant Attorney General
JESUS A. OSETE, Principal Deputy Assistant Attorney General
ERIC V. NEFF, Acting Chief, Voting Section
United States Department of Justice Civil Rights Division

ANELISE K. POWERS
JOSEPH W. VOILAND
GEORGE L. CLARK
JONATHON P. HAUENSCHILD
Civil Rights Division, Voting Section
150 M St. NE, 8th Floor
Washington, D.C. 20002
Anelise.powers@usdoj.gov
Telephone: 202.353.5318

TIFFANY ROMNEY, Assistant United States Attorney (6131)
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
801.524.5682
Tiffany.romney@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah, *et al.*,<br><br>Defendants. | **UNITED STATES' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY (DKT 60)**<br><br>No.: 2:26-cv-00166-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Although Defendant Governor Deidre Henderson did not reference the pertinent pages of her briefing in her Notice, the United States will regardless respond to the Supplemental Authority cited therein. *See* U.R.C.P. 7-1(c)(1)(A).

The State Voter Registration List (SVRL) is not just any "record[] . . . requisite to voting," 52 U.S.C. § 20701, it is a federally mandated record that "serve[s] as the official voter registration list for the conduct of all elections for Federal office in the State," 52 U.S.C. § 21083(a)(1)(A)(viii). Despite the SVRL's paramount necessity in voting, the district courts in *United States v. Schmidt*, 2026 WL 1850016, at *2 (W.D. Pa. June 27, 2026); *United States v. Scanlan*, 2026 WL 1864054, at *4-6 (D.N.H. June 29, 2026); *United States v. Board of Elections of the State of New York*, 2026 WL 1999921, at *8-11 (N.D.N.Y. July 10, 2026); and *United States v. Koski*, 2026 WL 2032532 at *4-6 (E.D. Va. July 14, 2026) ruled that an SVRL is not a voting "record" for purposes of Title III of the Civil Rights Act of 1960, 52 U.S.C. § 20701, because it is created by election officials and therefore does not "come into [their] possession." *Id.* This narrow interpretation of Title III would have excluded the voter-registration lists of the 1960s—which, like SVRLs, were created by election officials—and thus would have allowed election officials to avoid accountability for not registering black citizens, a result Congress could not have intended.

The district courts also erroneously reasoned that if an SVRL were a Title III "record," then updating the SVRL would be "alter[ing]" a record in violation of Title III's criminal provision. 2026 WL 1850016, at *2; 2026 WL 1864054, at *5; 2026 WL 1999921, at *9; 2026 WL 2032532 at *5. Title III's criminal provision uses the word "willfully" followed by verbs that clearly limit the provision to the willful spoliation of records, something that has nothing to do with updating an SVRL in accordance with the law. *See Bryan v. United States*, 524 U.S. 184, 191 (1998) ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'").

The district court in *United States v. Warner*, 2026 WL 2018877, *6-7 (S.D. W. Va. July 13, 2026) wrongly limited Title III to "an investigation into potential violations of an individual's

right to vote." Title III's text includes no such limitation. Finally, *United States v. Oliver*, 2026 WL 2031479 (D.N.M. July 14, 2026) was decided on facts unique to that case.

Dated: July 15, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ Anelise K. Powers
Anelise K. Powers
Joseph W. Voiland
George L. Clark
Civil Rights Division
150 M Street, 8th Floor
Washington, D.C. 20002
(202) 304-8146
anelise.powers@usdoj.gov