David P. Billings (11510)
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, UT 84111
Telephone: (801) 323-2205
dbillings@fabianvancott.com

David R. Fox*
Christopher D. Dodge*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 948-1135
dfox@elias.law
cdodge@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: (202) 948-1135
wmckusick@elias.law

*Counsel for NAACP Intervenors*

*\* Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah, <br><br> Defendant. | **NAACP INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Case No. 2:26-cv-0166-DBB-DAO <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Pursuant to DUCivR 7-1(c), NAACP Intervenors respectfully provide the Court notice of supplemental authority supporting their pending motion to dismiss (ECF No. 34) and opposition to DOJ's motion to compel (ECF No. 51). Since the parties last filed notices of supplemental authority, five additional courts have dismissed parallel suits filed by DOJ seeking unredacted statewide voter registration lists, including one within the Tenth Circuit. *See U.S. v. Thomas*, 2026 WL 2070437 (D. Conn. July 17, 2026); *U.S. v. Adams*, 2026 WL 2123871 (E.D. Ky. July 23, 2026); *U.S. v. Caldwell*, 2026 WL 2186515 (D.N.J. July 29, 2026); *U.S. v. Matthews*, 2026 WL 2212877 (C.D. Ill. July 31, 2026); *U.S. v. Griswold*, 2026 WL 2235374 (D. Colo. Aug. 3, 2026).

Four of these courts expressly rejected DOJ's argument that Title III of the Civil Rights Act (CRA) displaces the Federal Rules of Civil Procedure. *See Adams*, 2026 WL 2123871, at *3–5; *Caldwell*, 2026 WL 2186515, at *6; *Matthews*, 2026 WL 2212877, at *2–3; *Griswold*, 2026 WL 2235374 at *3. The fifth court proceeded under Rule 12(b), while declining to resolve whether Title III more generally requires "truncated" proceedings. 2026 WL 2070437 at *1 n.1.

On the merits, the *Thomas* court concluded that the unredacted voter list was not a record or paper subject to disclosure under Title III because it did not "come into [the] possession" of a state officer of election. *Id.* at *5–6 (collecting cases). The court found that the voter list—a document that is "constantly being updated"—"is a record created by the state," rather than one that state officials receive as part of the registration process. *Id.* at *5. The court also cited Section 20702 of the CRA, which makes it a crime to alter any record subject to production under the Act. *Id.* at *6. Construing the voter list as a record "would place election officials in violation of one federal law for trying to comply with others." *Id.* (quoting *U.S. v. Benson*, 179 F.4th 470, 480 (6th Cir. 2026)); *see also* ECF No. 51 at 15–20 (similar).

The *Adams* court likewise held that Kentucky's unredacted voter list was not subject to

1

disclosure under Title III because it did not "come into" election officials' possession, applying the Sixth Circuit's decision in *Benson*. *See* 2026 WL 2123871, at *4–5. The court also held that DOJ's claims failed for a further, independent reason: its demand stated neither a basis nor a purpose. *Id.* at *6. Because DOJ "did not comply with its mandatory statutory obligation to state "both the basis and purpose," Kentucky "did not violate Title III by refusing to produce" the state's unredacted voter file. *Id.*; *see also* ECF No. 34 at 8–13 (similar).

The *Caldwell* court also concluded that Title III does not extend to computerized voter registration lists because they are created by the State. 2026 WL 2186515, at *6–7. Because DOJ's interpretation would place Title III on a "collision course" with HAVA and the NVRA, the court found that position was "untenable," and dismissed DOJ's complaint with prejudice. *Id.* at 8.

The *Matthews* court joined the others in holding that Title III does "not encompass records that state election officials *create* or merely *possess*," such as a state's voter list. 2026 WL 2212877 at *3 (citation omitted; emphasis in original). The court also held that DOJ's "written demand" did not satisfy the Title III because it "did not provide any factual basis" for any "suspected noncompliance with federal law" and did not identify a "proper purpose" for DOJ's demand for the state's unredacted voter file. *Id.* at *5; *see also* ECF No. 34 at 13–18 (similar as to Utah).

Like the others, the *Griswold* court held that Title III does not apply to Colorado's voter list because such a document does not "come into [the state's] possession." *See* 2026 WL 2235374 at *5. To hold otherwise would render "superfluous" Title III's use of the phrase "come into . . . possession." *Id.* The court also held that the DOJ's demand did not state a sufficient basis and purpose for Colorado's unredacted voter registration list. *Id.* at *4.

Twenty-one courts—including the Court of Appeals for the Sixth Circuit and twenty district courts—have now found DOJ's claims for unredacted voter lists to be without merit.

Dated: August 5, 2026

Respectfully submitted,

*/s/ David P. Billings*
David P. Billings
**FABIAN VANCOTT**

David R. Fox*
Christopher D. Dodge*
Walker McKusick*
**ELIAS LAW GROUP LLP**
*\* Admitted Pro Hac Vice*
*Counsel for NAACP Intervenors*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August 2026, the foregoing document has been filed electronically through the District of Utah ECF system, which effectuated service of such filing upon all counsel who have entered an appearance.

/s/ David P. Billings
David P. Billings
**FABIAN VANCOTT**
*Counsel for NAACP Intervenors*