HARMEET K. DHILLON, Assistant Attorney General
ERIC SELL, Deputy Assistant Attorney General
ERIC V. NEFF, Acting Chief, Voting Section
United States Department of Justice, Civil Rights Division

JOSEPH W. VOILAND
ANELISE K. POWERS
GEORGE L. CLARK
JONATHAN P. HAUENSCHILD
Trial Attorneys
Civil Rights Division, Voting Section
150 M St. NE, 7th Floor
Washington, D.C. 20002
Joseph.Voiland@usdoj.gov
Telephone: 202.353.5318

TIFFANY ROMNEY, Assistant United States Attorney (6131)
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.524.5682
tiffanyromney@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and Chief Election Officer for the State of Utah,<br><br>Defendant. | **RESPONSE TO SUPPLEMENTAL AUTHORITY**<br><br>No.: 2:26-cv-00166-DBB-DAO<br><br>Judge David Barlow<br>Magistrate Judge Daphne A. Oberg |

In response to the NOTICE of SUPPLEMENTAL AUTHORITY (Dkt. 64) filed on Sept. 17, 2026, the United States directs this Court to the opinions accompanying the Sixth Circuit's denial of rehearing en banc in *United States v. Benson*, ___ F.4th ___, No. 26-1225, 2026 WL 2364306 (6th Cir. Aug. 14, 2026). There, the court denied rehearing of the panel's split decision, 179 F.4th 470 (6th Cir. 2026), but a nine-judge majority of the Sixth Circuit agreed with the United States on two points that are central to this case.

First, five judges agreed with Judge Nalbandian's panel dissent, 2026 WL 2364306, at *11-16 (Thapar, J., dissenting), and four more judges indicated they "likely would have agreed with much of Judge Nalbandian's dissent if [they] had sat on the panel," and they expressed "doubt over the panel opinion's interpretation of the phrase 'come into his possession' in Title III" of the Civil Rights Act of 1960, 2026 WL 2364306, at *1-2 (Murphy, J., concurring). These judges endorsed Judge Nalbandian's conclusion that because "the language [of Title III] imposes a specific duty on an individual (each officer of election), not a general duty on the entire State of Michigan[,]" "the Secretary of State 'came into possession' of [Michigan's] voter-registration list when she assumed office in 2019." *Id.* at *2 (Murphy, J., concurring); *see also id.* at *9 (Griffin, J., dissenting) ("[W]hen the [SVRL] comes under Benson's official custody and control through the actions of those subordinates, it comes into her possession."), *14 (Thapar, J., dissenting) (similar).

Second, a majority of the Sixth Circuit concluded that the United States would satisfy the "basis" and "purpose" component of Title III in a written demand that (1) "was based on 'Title III[,]'" (2) described "factual concerns with [the State's] voter-registration list[,]" and (3) "identified its purpose to 'assess' the State's 'compliance' with [federal] list maintenance

requirements." 2026 WL 2364306, at *3 (Murphy, J., concurring); *see also id.* at *10 (Griffin, J., dissenting), *15 (Thapar, J., dissenting). Judge Murphy's concurrence concluded that "nothing in [Title III]'s text . . . limits the purposes for which the DOJ may request the records." *Id.* at *4 (Murphy, J., concurring).

In *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), the Fifth Circuit held that a proceeding to enforce a demand under Title III of the Civil Rights Act of 1960 is "a summary proceeding." *Id.* at 226. "The Court, with expedition, should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down without delay for suitable hearing on the matters open for determination." *Id.* The court added that "the disposition [of a Title III enforcement proceeding] would hardly be the prompt one which our decisions require if effective compliance is to be postponed five months." *Id.* at 231.

DATED: September 18, 2026

TIFFANY ROMNEY
Assistant United States Attorney
District of Utah

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
ERIC SELL
Deputy Assistant Attorney General
ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ Joseph W. Voiland
JOSEPH W. VOILAND
ANELISE K. POWERS
GEORGE L. CLARK
JONATHAN HAUENSCHILD
Trial Attorneys
Department of Justice, Civil Rights Division

Attorneys for the United States